PER CURIAM.
This disciplinary proceeding against attorney Kevin Lehman is before the Court on the complaint of the Florida Bar and the report of a referee. Neither party has petitioned for review of the referee’s report.
The report of the referee contains the following findings and recommendation:
II. Findings of Fact as to Each Item of Misconduct of which Respondent is charged: After considering all the pleadings and evidence before me, I find:
1) Kevin Lehman is and at all times hereinafter mentioned was a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
COUNT I
2) In or about January 1979, Respondent abandoned his law practice and left approximately 450 pending client matters in his office.
3) On or about April 9,1979, upon petition of The Florida Bar, the Honorable Vaughn Rudnick appointed Sidney B. Alexander, a member of The Florida Bar, as inventory attorney for Mr. Lehman.
4) Mr. Alexander’s unrefuted testimony establishes that:
a. Mr. Lehman advertised that he would prepare a will for $25.00 and undertook to prepare such wills for numerous clients. At the time that Mr. Lehman abandoned his practice, numerous people had paid Mr. Lehman to prepare their wills and he had failed to prepare same.
b. Mr. Lehman was retained by numerous clients to provide them with title insurance on their residences. Mr. Lehman provided title policies through South Florida Guaranty Company. Mr. Lehman received money from his clients to prepare the title policies and provided title policies to his clients. However, Mr. Lehman failed to forward the money he.received to prepare the title policies to the title insurance company.
c.Both Mr. Lehman’s office account and his trust account at the Central Bank of Palm Beach were overdrawn on numerous occasions because Mr. Lehman wrote checks while there were insufficient funds on deposit to satisfy the checks. Mr. Lehman’s trust account has continually been overdrawn since January 2, 1979 until the present time. Numerous checks which were drawn on that account by Mr. Lehman were returned to the payee because there were insufficient funds on deposit to satisfy those checks.
COUNT II
5) In March 1978, Mrs. Nancy Diamond contacted Mr. Lehman in regard to representing her in a dispute which she was having with Doctors Hospital in Lake Worth, Florida. Mrs. Diamond had brought her son to Doctors Hospital for what she believed to be appendicitis. Her son was released from the hospital without treatment. During the course of that evening, Mrs. Diamond’s son’s appendicitis ruptured and he was admitted to Doctors Hospital. An appendectomy was performed and five days thereafter her son’s condition deteriorated and a second operation was performed. Mrs. Diamond’s son remained in the hospital for two more weeks and was subsequently released. Thereafter, Mrs. Diamond received a bill from Doctors Hospital for $6,000.00. Mrs. Diamond retained Mr. Lehman to get the hospital to reduce the amount of their bill to Mrs. Diamond and to file a malpractice action on behalf of Mrs. Diamond and her son.
6) Between August 1978 and January 1979, Mrs. Diamond and her husband made approximately fifteen (15) telephone calls to Mr. Lehman’s office and requested that Mr. Lehman return their phone call on each occasion. Mr. Lehman never returned those telephone calls. Between August 1978 and January 1979, Mr. Lehman did not correspond with Mr. and Mrs. Diamond regarding their cause of action.
*650 7) Mrs. Diamond had delivered all the bills, the records and letters regarding the debt to Doctors Hospital and the alleged malpractice action. The inventory attorney was unable to locate all the items Mrs. Diamond had given to Mr. Lehman and, as of this date, Mrs. Diamond has not recovered all the bills, records and letters that she delivered to Mr. Lehman regarding her cause of action. Mrs. Diamond’s cause of action for malpractice accrued prior to 1978 and as of the date that she was notified that Mr. Lehman had disappeared in 1980, the statute of limitations on her cause of action for medical malpractice had expired. At this time, a collection agency is threatening to institute legal proceedings against Mrs. Diamond if she does not pay the balance of $3,800 for medical treatment her son received at Doctors Hospital.
COUNT III
8) In or about November 1978, Mr. Lehman received $75.00 from Ira Runyon to institute a dissolution of marriage proceeding. Mr. Lehman failed to take any action to institute the proceeding. Mr. Runyon, after discovering that Mr. Lehman failed to perform any work, retained another attorney for an additional cost of $142.50 to complete the dissolution of his marriage. Mr. Lehman has never refunded any money to Mr. Runyon.
COUNT IV
9) In July, 1977, Mr. Douglas Bestwick retained Mr. Lehman to institute a breach of contract action against Mr. Carl Crocker. Mr. Bestwick had given Mr. Crocker $5,200 as a deposit for the sale of Crocker’s Texaco Service, 1301 Hypoluxo Road, Lantana, Florida. The $5,200 was to be returned in full if the closing of the sale did not occur on or before June 5, 1977. The closing did not take place as required by the terms of the contract, and Mr. Bestwick sought to have Mr. Lehman institute an action against Mr. Crocker to recover the $5,200 deposit. Mr. Lehman failed to file suit on behalf of Mr. Bestwick and Mr. Bestwick never recovered any of his money from Mr. Crocker.
III. Recommendation as to Whether or not the Respondent should be found Guilty:
COUNT I
I recommend that Respondent be found guilty of violating Florida Bar Code of Professional Responsibility, D. R. 1-102(A)(6), 6-101(A)(3), 7-101(A)(2) and (3), 9-102(B) and Florida Bar Integration Rule, article XI, Rule 11.02(4).
COUNT II
I recommend that Respondent be found guilty of violating Florida Bar Code of Professional Responsibility, D. R. 6-101(A)(3) and 7-101(A)(2) and (3).
COUNT III
I recommend that Respondent be found guilty of violating Florida Bar Code of Professional Responsibility, D. R. 1— 102(A)(6), 6-101(A)(3), 7-101(A)(l), (2) and (3), and 9-102(B) and Florida Bar Integration Rule, article XI, rule 11.02(4).
COUNT IV
I recommend that Respondent be found guilty of violating Florida Bar Code of Professional Responsibility, D. R. 6— 101(A)(3) and 7-101(A)(l), (2) and (3).
IV. Recommendation as to Disciplinary Measures to be Applied:
Based on the above findings of fact, I recommend that Respondent be disbarred from The Florida Bar.
Since neither party seeks review of the referee’s report, we treat the factual findings as conclusive and adopt the recommended discipline of disbarment. Fla.Bar Integr.Rule, art. XI, Rule 11.09(3)(f). Respondent Kevin Lehman is disbarred effective this date. Costs are assessed against respondent in the amount of $2,007.87.
It is so ordered.
*651 ALDERMAN, C. J., and BOYD, OVER-TON, SUNDBERG and McDONALD, JJ., concur.